O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #5

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5099 | Date | Oct. 7, 2008 |
|---|---|---|---|
| Title | Superbalife, Int'l v. Powerpay | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**   (In Chambers) Order on Defendant's Motion to Dismiss Under FRCP 12(b)(6)

Pending before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15.

I.   BACKGROUND

Superbalife sells its herbal supplements both online and in retail stores. In an effort to expand its online sales, Superbalife hired Powerpay to help transfer its online credit card sales to Superbalife's bank account. Powerpay's role in the online sales process was as a broker ("ISO")[1] that arranges the relationship between merchants and credit card processing banks in order for Superbalife to receive the proceeds from its online sales. However, in this particular instance, Powerpay is a sub-ISO, meaning that Powerpay partners with a larger ISO to solicit merchants for credit card processing banks.

On August 4, 2008, Superbalife filed a claim against Powerpay for breach of contract, fraud and deceit, conversion, violation of the Civil RICO Act, and unfair competition under California Business and Professional Code section 17200 *et seq*. Superbalife alleges, *inter alia*, that Powerpay has failed to pay Superbalife more than $187,000 due to Superbalife. Powerpay now moves to dismiss subject to Federal Rule of Civil Procedure 12(b)(3), improper venue, on the ground that the parties entered into a contract containing a forum-selection clause for Nassau County, New York.

---

[1] Independent Service Organization.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #5

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5099 | Date | Oct. 7, 2008 |
|---|---|---|---|
| Title | Superbalife, Int'l v. Powerpay | | |

II. LEGAL STANDARD

Local Rule 7-3 states, in relevant part:

[Unless otherwise provided for in these Rules], counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person,* the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (*e.g.*, a motion to dismiss pursuant to F.R.Civ.P. 12(b))...then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least twenty (20) days prior to the filing of the motion.

L.R. 7-3 (emphasis in original).

III. DISCUSSION

A. Failure to Meet and Confer Pursuant to Local Rule 7-3

On August 4, 2008, Superbalife filed the instant lawsuit against Powerpay. Powerpay now moves to dismiss subject to Rule 12(b)(3), improper venue. Superbalife claims, however, that the Motion should be denied because Powerpay did not comply with Local Rule 7-3.

Pursuant to Local Rule 7-3, parties are to meet and confer at least five days before filing a motion like the present one. L.R. 7-3. Thus, to comply with the Local Rules, the parties should have met and conferred by August 20, 2008.

In examining whether the parties met and conferred as required, the parties have provided the Court with two useful pieces of evidence: (1) a string of e-mails between Superbalife's counsel, Gregory Doll ("Doll"), and Powerpay's original counsel, John McVeigh ("McVeigh"); and (2) McVeigh's declaration, included in Powerpay's Reply. As discussed in more detail below, neither document supports Powerpay's contention that it attempted in good faith to meet and confer pursuant to Local Rule 7-3.

It is beyond dispute that both parties never met and conferred as required by the Local Rules. Powerpay contends, however, that this noncompliance is excused. In support of this

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #5

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5099 | Date | Oct. 7, 2008 |
|---|---|---|---|
| Title | Superbalife, Int'l v. Powerpay | | |

argument, Powerpay points to an August 20, 2008 phone call McVeigh made to Doll, in which McVeigh requested an extension.[2]  This, Powerpay argues, evidences its good faith attempt to meet and confer.

Importantly, though, after Doll responded via e-mail on August 21 stating he was "willing to discuss a brief extension" and that "he intend[ed] to file a motion for expedited discovery ... so [they] should discuss that too," there apparently was no further dialogue between counsel about the required conference.  *See Pl. Opp., Exh. B*.  According to McVeigh, he pursued this Motion without meeting and conferring because "it appeared that Mr. Doll was not going to simply grant the extension."  *McVeigh Decl., ¶ 5*.  But from the face of Doll's email this does not seem to be the case.  In fact, Doll's email actually confirms Superbalife's position that it was willing to meet and confer.  Furthermore, Doll concluded his email by letting McVeigh know that McVeigh could reach him (Doll) on his cellular telephone after 3:00 (PST).  *Pl. Opp., Exh. B*.

Despite receiving an invitation to further discuss the extension, there is no evidence that Powerpay attempted to do so.  Nor has Powerpay asserted a viable justification to excuse its conduct.  Now, granted, McVeigh claims he did not call Doll because it "would have been 6.00 p.m. in Maine."  *McVeigh Decl., ¶ 4*.  But whatever significance this has, be it legal or logical, remains to be seen.  Moreover, and perhaps more importantly, Powerpay does not assert any reason for why it failed to contact Doll on August 22.

This Court is well-aware that strict deadlines cannot always be adhered to.  That is of course why continuances and extensions exist.  However, absent any evidence that a party attempted to meet and confer in good faith, this Court is unwilling to excuse noncompliance with the Local Rules.  It was incumbent for Powerpay to meet and confer with Superbalife's counsel prior to filing this Motion.  Its failure to do so, at least in this instance, is inexcusable.

Based on the foregoing, this Court denies Defendant's Motion to Dismiss.

B.     <u>Dismissal</u> <u>For</u> <u>Improper</u> <u>Venue</u>

As the Court has decided to deny the Motion pursuant to Rule 7-3, the issue concerning improper venue is moot.

---

[2]McVeigh also sent a subsequent confirmation email.  *See Pl. Opp., Exh. B*.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5099 | Date | Oct. 7, 2008 |
|---|---|---|---|
| Title | Superbalife, Int'l v. Powerpay | | |

IV.     CONCLUSION

The Court DENIES Defendant's Motion to Dismiss without prejudice.